UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
DIONIS TAVERAS and YESENIA
TAVERAS,

              Plaintiffs,            **MEMORANDUM AND ORDER**
    -against-                      Case No. 17-CV-05211 (FB) (SJB)

HRV MANAGEMENT, INC., REALTY
35 LLC, BRANKO MUSTAC, JOHN
MUSTAC, and JOHN DOES #1–10,

              Defendants.
---------------------------------------------------x

Appearances:
*For the Plaintiffs:*                                *For the Defendants:*
Konstantine George Paschalidis         Nolan Keith Klein
Mavromihalis Pardalis & Nohavicka LLP   Law Office of Nolan Klein, P.A
3403 Broadway, Suite 201               39 Broadway, Suite 2250
Astoria, NY 11363                      New York, NY 10006

**BLOCK, Senior District Judge:**

      Defendants object to Magistrate Judge Sanket J. Bulsara's July 3 Order, which denied Defendants' motion to amend their answer with new counterclaims. The parties are litigating a Fair Labor Standards Act and New York Labor Law dispute, but the proposed counterclaims concern an apartment that was given to Plaintiffs allegedly as compensation for their services. Defendants claim that after the employment relationship concluded, Plaintiffs continued to live in the apartment without paying rent. This dispute is currently the subject of a state-court holdover

1

proceeding. The proposed counterclaims are for breach of contract and unjust enrichment, as well as unpaid legal fees in connection with the holdover proceeding.

The Magistrate Judge held that the Court lacked supplemental jurisdiction over the counterclaims. The Court agrees and overrules the objection.[1]

Defendants contend that the Court has supplemental jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367(a). To determine whether a court may exercise supplemental jurisdiction over state-law claims, it must ask whether they "derive from a common nucleus of operative fact," *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997), or whether "the federal claim necessarily brought the facts underlying the state claim before the court," *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006).

Defendants believe that the counterclaims meet this standard because the apartment was provided as compensation for the services at issue in the labor law claims. They frame the Plaintiffs' continuing occupancy of the apartment as, in effect, ongoing "compensation" continuing past the end of the employment relationship. Furthermore, Defendants note that the potential money recovered on these counterclaims could serve as a setoff against potential liability on the labor law

---

[1] The parties dispute the procedural posture of this motion. The Court treats the Order as a Report and Recommendation and reviews the objection *de novo*.

claims. Finally, they point to numerous statements in Plaintiffs' complaint that tie the apartment—and ultimate eviction—to the facts underlying the labor law claims.

The Court disagrees and holds that it lacks supplemental jurisdiction over the proposed counterclaims. Plaintiffs fully concede that they were allowed to live in an apartment rent-free in connection with their employment, s*ee, e.g.*, Am. Compl. ¶¶ 7, 70. They merely argue that their employment conditions violated the labor laws. Plaintiffs are not seeking relief from paying rent, at least in this action. That one party may owe money to the other as its former *employer* has nothing to do with the fact that the second party may separately owe money to the first as its former *tenant*—even if the basis for these liabilities happened to involve the same apartment unit. In other words, the federal labor law claim did not "necessarily [bring] the facts underlying the state [rental dispute] claim before the court." *Achtman*, 464 F.3d at 335.

Nor is the potential setoff against the labor law claims sufficient to bring the counterclaims under the Court's supplemental jurisdiction. *See, e.g.*, *LaChapelle v. Torres*, 37 F. Supp. 3d 672, 681–82 (S.D.N.Y. 2014) (declining to find supplemental jurisdiction simply by virtue of a potential setoff); *Hoops v. KeySpan Energy*, 794 F. Supp. 2d 371, 381 (E.D.N.Y. 2011) (no supplemental jurisdiction over state labor law claims based on a separate theory of underpayment within the same employment relationship); *see also Moran v. Tryax Realty Mgmt., Inc.*, No. 15-CV-08570, 2016

WL 3023326, at *3 (S.D.N.Y. May 23, 2016) (state-law affirmative defenses to federal labor law claims are insufficient for supplemental jurisdiction, notwithstanding potential setoff).

Defendants' third counterclaim is even further removed from this case. It derives solely from the holdover proceeding involving the rental dispute. Nothing about the legal fees has anything to do with Plaintiffs' labor law claims, which primarily assert damages based on insufficient compensation.

For the foregoing reasons, the Court holds that it does not have supplemental jurisdiction over the proposed counterclaims and overrules Defendants' objection.[2]

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 24, 2018

---

[2] Defendants spend considerable time analyzing the factors in 28 U.S.C. § 1367(c) and fault the Magistrate Judge for not addressing those arguments. But those factors deal with reasons for declining to exercise supplemental jurisdiction when § 1367(a) is *satisfied*. Because the Court holds that § 1367(a) is not satisfied, it does not address those arguments.